**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG DIVISION**

**STEPHEN ROBINSON,**

      **Petitioner-Defendant,**

                                       **Civil Action No. 3:11-cv-104**

**v.**                                   **Criminal Action No. 3:08-cr-42-1**
                                         **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

      **Respondent-Plaintiff.**

**REPORT AND RECOMMENDATION TO THE DISTRICT JUDGE
RECOMMENDING THAT THE DISTRICT COURT DENY PETITIONER'S MOTION
UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

## I.   INTRODUCTION

On November 28, 2011, Petitioner-Defendant Stephen Robinson ("Petitioner"), proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Motion"). (Civil Action No. 3:11-cv-104, ECF No. 1; Criminal Action No. 3:08-cr-42-1, ECF No. 167 ("Mot.").)  On December 2, 2011, the Clerk of Court mailed Petitioner a Notice of Deficient Pleading, which informed him that he had twenty-one days to correct his Motion by filing it on the correct form as per Local Rule of Prisoner Litigation Procedure 3.4. (Civil Action No. 3:11-cv-104, ECF No. 5; Criminal Action No. 3:08-cr-42-1, ECF No. 172.)  On December 8, 2011, Petitioner filed a Motion for Leave to File Excess Pages and/or To Be Allowed the Movant's Original File 2255. (Criminal Action No. 3:08-cr-42-1, ECF No. 174.)  By Order dated December 9, 2011, the undersigned granted Petitioner's motion to allow his original § 2255 motion and noted that Petitioner may disregard the Notice of Deficient Pleading. (ECF No. 176.)[1]

---

[1] All docket numbers from here forward refer to filings in Criminal Action No. 3:08-cr-42-1.

On January 11, 2012, the undersigned entered an Order directing Respondent, the United States of America ("Respondent" or "Government") to answer Petitioner's motion. ( ECF No. 178.) On February 8, 2012, the Government filed a Motion for Extension of Time to File Response/Reply. (ECF No. 180.) That same day, the undersigned entered an Order granting the Government's motion and directing that the Government's response be filed by February 15, 2012. (ECF No. 181.) The Government filed its response ("Response") to Petitioner's Motion on February 15, 2012. (ECF No. 182.)

On February 29, 2012, Petitioner filed a Motion for Extension of Time to File Traverse to Government's Response. (ECF No. 186.) By Order dated that same day, the undersigned granted Petitioner's motion and directed that his reply be filed by April 6, 2012. (ECF No. 188.) On April 2, 2012, Petitioner filed another Motion for Extension of Time to File Reply. (ECF No. 190.) By Order dated April 3, 2012, the undersigned granted Petitioner's motion and directed that his reply be filed by May 6, 2012. (ECF No. 193.)

On April 20, 2012, Petitioner filed a Motion for Leave Based on a Timely "Amendment or Supplement" Defendant's Filed § 2255 ("Motion to Amend"). (ECF No. 196 ("Mot. to Amend").) By Order dated April 23, 2012, the undersigned granted Petitioner's motion to amend, directed the Government to file a supplemental response to Petitioner's new claim within twenty-eight days from the entry of the Order, and directed Petitioner to file a reply to the Government's original and supplemental answers within twenty-eight days after the date the Government's supplemental response is filed. (ECF No. 198.) The Government filed a Motion for Extension of Time to File Response/Reply on April 24, 2012. (ECF No. 202.) By Order dated that same day, the undersigned granted the Government's motion and directed that its supplemental response be filed by June 1, 2012. (ECF No. 203.) The Government filed its supplemental response ("Supplemental Response") on May

31, 2012. (ECF No. 210 ("Supp. Resp.").)

Also on April 23, 2012, Petitioner filed a reply to the Government's response. (ECF No. 199.) On April 24, 2012, the undersigned entered an Order striking this reply from the record and ordering it sealed because of Petitioner's failure to comply with the length requirements of Local Rule of Prisoner Litigation Procedure 11.3. (ECF No. 201.) On May 2, 2012, Petitioner filed a Motion for Reconsideration or, in the alternative, Motion for Additional Pages. (ECF No. 206.) That same day, the undersigned entered an Order denying Petitioner's motion insofar as it asked the Court to reconsider its Order striking his reply from the record. (ECF No. 208.) However, the undersigned's Order did grant Petitioner's motion insofar as it asked the Court for leave to file additional pages with his reply. (*Id.*) The undersigned directed Petitioner to file a reply not exceeding twenty-five pages within twenty-one days from the entry of the Order. (*Id.*) The undersigned also noted that Petitioner would still have twenty-eight days to file a reply not exceeding twenty-five pages to the Government's supplemental response once it was filed. (*Id.*)

On June 4, 2012, Petitioner filed a Motion for Discovery and Inspection Pursuant to Rule 6(a) of the Rules Governing 2255 Proceedings. (ECF No. 211.) The Government responded to this motion on June 13, 2012. (ECF No. 213.) On June 14, 2012, the undersigned entered an Order denying Petitioner's motion. (ECF No. 214.)

On July 5, 2012, Petitioner filed a 115-page reply to the Government's original response and supplemental response. (ECF No. 216.) Because this reply exceeded the page limitations provided by the undersigned's May 2, 2012 Order, the undersigned entered an Order striking this reply from the record and ordering it sealed because of Petitioner's failure to comply with those length requirements. (ECF No. 218.)

The undersigned now issues this Report and Recommendation on Petitioner's motion without

holding an evidentiary hearing. For the reasons stated below, the undersigned recommends that the District Judge dismiss Petitioner's Motion.

## II. FACTS

### A. Conviction and Sentence

On May 20, 2008, the Grand Jury, sitting in Martinsburg, charged Petitioner with one count in a five-count Indictment. (Indictment, ECF No. 1.) Count One charged Petitioner and co-defendant Anthony Jackson with conspiracy to possess with intent to distribute and to distribute in excess of five grams of cocaine base, in violation of Title 21, United States Code, Sections 846 & 841(b)(1)(B). (*Id.* at 1-2.) On July 21, 2009, after a two-day jury trial before the Honorable John Preston Bailey, Chief United States District Judge, Petitioner was convicted of Count One. (July 21, 2009 Trial Tr., ECF No. 118 at 242:19-23.)

Petitioner appeared before Chief Judge Bailey on September 30, 2009 for sentencing. Chief Judge Bailey sentenced Petitioner to 262 months imprisonment, to run consecutively to any sentence Petitioner may already be serving at that time, followed by six years of supervised release. (Judgment in a Criminal Case, ECF No. 138.)

### B. Direct Appeal

Petitioner pursued a direct appeal to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). On appeal, Petitioner raised the following assignments of error: (1) the district court violated his procedural due process rights by failing to hold a competency hearing before trial, and (2) the district court abused its discretion by admitting into evidence letters containing statements allegedly threatening Petitioner's co-defendant. *United States v. Robinson*, 400 F. App'x 738, 739, 740, 2010 WL 4386883, at *1, *2 (4th Cir. Nov. 5, 2010) (per curiam). By an unpublished opinion, the Fourth Circuit affirmed Petitioner's conviction and sentence. *Robinson*, 400 F. App'x at 741, 2010

WL 4386883, at *3. On April 18, 2011, the United States Supreme Court denied Petitioner's petition

for a writ of certiorari. *Robinson v. United States*, 131 S. Ct. 2134 (2011).

## C.  *Federal Habeas Corpus*

### 1.  **Petitioner's Motion**

In his Motion, Petitioner asserts seven claims of ineffective assistance of counsel. Specifically,

Petitioner asserts the following:

1.  Counsel failed to ask the Court for a competency hearing;

2.  Counsel failed to investigate the threatening letters that Petitioner's co-defendant, Anthony Jackson, received;

3.  Counsel failed to point out that there was insufficient evidence to convict Petitioner of conspiracy;

4.  Counsel was ineffective for not presenting a buyer/seller defense;

5.  Counsel was ineffective for not moving to dismiss the Indictment against Petitioner;

6.  Counsel was ineffective for allowing the government to present the alleged perjured testimony of Joann Christian; and

7.  Counsel was ineffective for not obtaining evidence that Petitioner asserts actually exists, is helpful to his case, and was withheld by the government.

(Mot. at 8-71.)

In his motion to amend, Petitioner raises the following claim:

1.  The Indictment returned against him should be dismissed because the Government engaged in outrageous misconduct to intentionally violate his rights under the Speedy Trial Act.

(Mot. to Amend at 2-3.)

### 2.  **Government's Response**

In its Response, the Government asserts that Petitioner has made no cognizable claim of

ineffective assistance of counsel. (Resp. at 12.) Specifically, the Government argues that Petitioner

cannot renew his claim regarding the competency hearing because the Fourth Circuit has already determined that Petitioner's procedural right to a competency hearing was not violated. (*Id.* at 7.) The Government also asserts that there is no basis on which Petitioner's counsel should have sought suppression of the threatening letters and that there was sufficient evidence to convict Petitioner of the conspiracy. (*Id.* at 8-9.) Furthermore, the Government alleges there was sufficient evidence to demonstrate more than a buyer/seller arrangement. (*Id.* at 9-10.) Finally, the Government argues that the Indictment returned against Petitioner was not defective, that Petitioner has not demonstrated that Ms. Christian's testimony was perjured, and that Petitioner has not demonstrated that the evidence he claims was withheld actually exists. (*Id.* at 10-12.)

In its Supplemental Response, the Government asserts that when the delay occasioned by Petitioner's competency exam is excluded, a period of fifty-five days passed from Petitioner's initial appearance until his trial and therefore the Speedy Trial Act was not implicated. (Supp. Resp. at 2.) Furthermore, the Government alleges that neither Federal Rule of Criminal Procedure 5 nor 18 U.S.C. § 3501(c) are implicated despite Petitioner's concern about the time that passed from the return of the Indictment against him to his initial appearance. (*Id.*)

## 4.    *Recommendation*

Based upon a review of the record, the undersigned recommends that Petitioner's Motion be denied and dismissed from the docket because Petitioner has failed to demonstrate any claims of ineffective assistance of counsel, prosecutorial misconduct, or violations of his speedy trial rights under both the Sixth Amendment and the Speedy Trial Act.

### III.    ANALYSIS

**A.    *Petitioner's Claims of Ineffective Assistance of Counsel Are Without Merit***

**1.    Standard Governing Claims of Ineffective Assistance of Counsel**

The Supreme Court has set forth a two-prong test for determining whether a convicted defendant's claim of ineffective assistance of counsel warrants the reversal of his conviction. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, "the defendant must show that counsel's performance was deficient." *Id.* Second, "the defendant must show that the deficient performance prejudiced the defense." *Id.* These two prongs are commonly referred to as the "performance" and "prejudice" prongs. *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).

To satisfy the "performance" prong, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland*, 466 U.S. at 687. However, a reviewing court does not "grade" trial counsel's performance, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Carter v. Lee*, 283 F.3d 240, 249 (4th Cir. 2002). Essentially, the reviewing court must not "second-guess" counsel's performance and must "evaluate counsel's performance 'from counsel's perspective at the time.'" *Hunt v. Lee*, 291 F.3d 284, 289 (4th Cir. 2002). Furthermore, the standard of reasonableness is objective, not subjective. *See Strickland*, 466 U.S. at 688.

To satisfy the "prejudice" prong, the defendant must demonstrate that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. Therefore, if counsel's errors have no effect on the judgment, the conviction should not be reversed. *See id.* at 691. The Fourth Circuit has recognized that if a defendant "cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." *Fields*, 956 F.2d at 1297.

The Fourth Circuit has set forth two categories of decisions made by trial counsel when

analyzing ineffective assistance of counsel claims. First, there are "personal" decisions that require the defendant's consent, such as the decision to enter a guilty plea, the decision to waive a trial by jury, the decision to appeal, and the decision of whether to testify at trial. *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) (citations omitted). The second category includes decisions that "'primarily involve trial strategy and tactics,' such as 'what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." *Id.* (quoting *United States v. Teague*, 953 F.2d 1525, 1531 (11th Cir. 1992)). Accordingly, "[t]here is a strong presumption that counsel's attention to certain issues to the exclusion of others reflects trial tactics rather than sheer neglect." *Harrington v. Richter*, 131 S. Ct. 770, 790 (2011) (citations omitted) (internal quotation marks omitted).

### 2. Analysis of Petitioner's Claims of Ineffective Assistance of Counsel

#### a. Petitioner's Counsel Was Not Ineffective Regarding a Competency Hearing

As his first ground for relief, Petitioner asserts that his counsel was ineffective for not seeking a competency hearing. (Mot. at 8-18.) Specifically, Petitioner argues that his counsel was ineffective in this aspect because he failed to investigate and present mitigating evidence regarding Petitioner's mental defects, childhood, and alcoholism; failed to present an expert to rebut the psychological evaluation report prepared by staff at F.C.I. Butner; and failed to cross-examine the psychologist who prepared the report at F.C.I. Butner. (Mot. at 8.) However, the undersigned finds that Petitioner's claim is without merit.

As an initial matter, to the extent that Petitioner challenges the District Court's denial of a competency hearing prior to trial, he may not now recast this claim under the guise of a collateral attack because the Fourth Circuit determined on direct appeal that the District Court did not violate his

procedural due process rights by not having a competency hearing.  *See Robinson*, 400 F. App'x at 739-40, 2010 WL 4386883, at *1–2; *see also Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (issues previously rejected on direct appeal may not be raised by prisoners in a collateral attack).  However, claims of ineffective assistance of counsel are more appropriately raised during collateral attack than on direct appeal.  *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

A court has the responsibility for determining whether "the defendant 'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him.'"  *United States v. Fair*, 246 F. App'x 238, 239, 2007 WL 2491367, at *1 (4th Cir. Aug. 29, 2007) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)).  At any time after prosecution commences and before sentencing, a court must have a competency hearing "if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  18 U.S.C. § 4241(a).  Indicators of competence include a defendant's behavior, his demeanor at trial, and any prior medical opinion on competence.  *Drope v. Missouri*, 420 U.S. 162, 180 (1975). The court only has to ensure that the defendant has the ability to understand, the ability to assist, and the ability to communicate with his attorney; it is not required to determine whether the defendant actually acted in accordance with his ability.  *Bell v. Evatt*, 72 F.3d 421, 432 (4th Cir. 1995).

As an initial matter, Petitioner's counsel did request that the Court hold a competency hearing and refer Petitioner for a psychiatric evaluation.  (ECF No. 35.)  In this motion, Petitioner's counsel gave notice that Petitioner intended to rely on an insanity defense and therefore asked for a competency hearing and psychiatric evaluation to determine whether Petitioner was insane at the time

of the offense and whether he was competent to understand the proceedings against him and to assist with his defense. (*Id.*) On December 5, 2008, Chief Judge Bailey entered an Order directing Petitioner to undergo a psychological examination and directing that a report from that examination be filed with the Court. (ECF No. 38 at 1-2.) Chief Judge Bailey also ordered that a competency hearing be held subsequent to the filing of the psychological report. (*Id.* at 2-3.) This Order was entered given Petitioner's actions at his initial appearance before the undersigned on November 25, 2008. Chief Judge Bailey noted that during the initial appearance proceedings, Petitioner refused to answer the Court's questions and refused to be represented by counsel. (*Id.* at 1.) He also became aggressive and had to be restrained by the United States Marshals. (*Id.*) Three days later, Chief Judge Bailey denied Petitioner's counsel's motion as moot. (ECF No. 39.) The forensic report, determining that Petitioner was competent to proceed, was filed with the Court on May 26, 2009. (Forensic Report, ECF No. 62.)

Based on this report, no "reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" existed. 18 U.S.C. § 4241(a). Because of the report's finding that Petitioner was competent to proceed, it was reasonable for counsel to proceed with Petitioner's case without requesting such a hearing. *See Drayton v. United States*, Nos. 3:08CV68, 3:05CR16, 2010 WL 3895917, at *2-3 (W.D.N.C. Sept. 30, 2010) (determining that the information contained in the petitioner's presentence report was insufficient to necessitate a competency hearing). Therefore, because there was no reasonable cause to believe that Petitioner was incompetent to proceed to trial, Petitioner cannot establish that his counsel's performance was deficient under the *Strickland* standard, and his claim should be dismissed.

**b.      Petitioner's Counsel Was Not Ineffective For Failing to Investigate**

As his second ground for relief, Petitioner asserts that his counsel was ineffective for not conducting any pretrial investigation. (Mot. at 19-30.) According to Petitioner, if his counsel had conducted an adequate investigation, he would have obtained witnesses who would have testified that his co-defendant, Anthony Jackson, received the threatening letters because he "owed money for studio time." (*Id.* at 21-22.) Petitioner also asserts that his counsel failed to investigate because he only visited him at the jail twice. (*Id.* at 25.) Furthermore, he argues that his counsel should have filed a motion to suppress the threatening letters after receiving them from the Government as part of discovery. (*Id.* at 21-22.) However, the undersigned finds that Petitioner's claim is without merit.

The *Strickland* Court recognized that counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. *Strickland*, 466 U.S. at 690; *see also Coles v. Peyton*, 389 F.2d 224, 226 (4th Cir. 1968) (attorneys must "conduct appropriate investigations, both factual and legal, to determine if matters of defense can be developed"). The decision of "whether to call a defense witness is a strategic decision" that must be afforded "'enormous deference.'" *United States v. Kozinski*, 16 F.3d 795, 813 (7th Cir. 1994) (quoting *United States v. Hirschberg*, 988 F.2d 1509, 1513 (7th Cir. 1993)). The *Strickland* Court also emphasized that "a particular decision not to investigate must be assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. However, "an attorney's representation is deficient when he fails to contact and interview important prospective witnesses, especially when they were readily available or had been identified by the petitioner prior to trial." *Huffington v. Nuth*, 140 F.3d 572, 580 (4th Cir. 1998). Although "a lawyer's failure to investigate a witness who has been identified as crucial may indicate an inadequate investigation, the failure to investigate everyone whose name happens to be mentioned by the defendant does not suggest ineffective assistance." *Id.* (citations omitted).

Furthermore, to be successful on a claim that counsel failed to investigate, Petitioner must explain what additional evidence would have been obtained from the additional interviews or meetings. *See Bassette v. Thompson*, 915 F.2d 932, 940-41 (4th Cir. 1990). "Complaints of ineffective assistance of counsel based upon 'uncalled witnesses' are not favored in federal habeas corpus review because mere unsupported allegations about what testimony potential witnesses might have given are far too speculative." *Talley v. United States*, Nos. 1:06-cv-74, 1:94-cr-118, 2006 WL 3422997, at *9 (E.D. Tenn. Nov. 26, 2006). The Fourth Circuit has held that conclusory allegations concerning what exculpatory testimony would have been presented "are insufficient to establish the requisite prejudice under *Strickland*." *United States v. Terry*, 366 F.3d 312, 316 (4th Cir. 2004). Counsel's performance is to be evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

Petitioner argues that his counsel only made at most two trips to the Eastern Regional Jail to prepare for trial. However, the Court cannot say whether this is unreasonable under prevailing professional norms because counsel spent much more time preparing for Petitioner's trial outside of Petitioner's presence. In addition, although Petitioner claims that his counsel should have investigated individuals who could have testified that his co-defendant received the threatening letters because he owed money for studio time, Petitioner has failed to identify what physical or testimonial evidence they could offer which he believes would give rise to a duty to further investigate. *See Bassett*, 915 F.2d at 940-41 (holding that a petitioner must explain what additional evidence would have been obtained from the additional interviews or meetings). Here, Petitioner only states that his counsel's investigation was insufficient because he did not question certain people. However, such an assertion, without any supporting evidence, is insufficient to support Petitioner's claim.

Furthermore, Petitioner's claim that his counsel should have moved for the suppression of the threatening letters is without merit. The Fourth Amendment protects individuals from searches and seizures that go against a reasonable expectation of privacy. *See United States v. Jones*, 132 S. Ct. 945, 950 (2012) (citations omitted). Here, the letters were not taken from Petitioner; instead, Petitioner's co-defendant received them in the mail while in jail. (July 21, 2009 Trial Tr. at 103:22-105:2.) Furthermore, the Government used the letters to impeach Anthony Jackson, its own witness. (*See id.* at 106:9-116:12.) Therefore, because the letters were not taken from Petitioner, counsel had "no obvious basis" on which to file a motion to suppress these letters. *Clanton v. Bair*, 826 F.2d 1354, 1359 (4th Cir. 1987).

In sum, Petitioner has not met his burden under *Strickland*. He has not supplied any evidence to support his assertion that his counsel's investigation was insufficient because he did not question certain people regarding the threatening letters received by Anthony Jackson. Furthermore, counsel was not ineffective for failing to file a motion to suppress because there was no basis on which to seek suppression of the threatening letters. Therefore, because Petitioner cannot meet his burden under the two prongs of *Strickland*, this claim should be dismissed.

        **c.**    **Petitioner's Counsel Was Not Ineffective For Failing to Challenge the Sufficiency of the Evidence**

As Petitioner's third ground for relief, Petitioner asserts that his trial counsel was ineffective for challenging the "sufficiency of the evidence to convict him of the conspiracy count." (Mot. at 32.) According to Petitioner, he merely aided a buyer (Ms. Christian) in finding a seller of drugs (his co-defendant, Anthony Jackson), and that this alone is insufficient to "establish any agreement between the facilitator and the seller to do anything in concert with the drugs." (*Id.* at 33.) Petitioner relies on *United States v. Giunta*, 925 F.2d 758 (4th Cir. 1991) to support his argument. However, the

undersigned finds that Petitioner's claim is without merit.

As an initial matter, Petitioner's reliance on *Giunta* is misplaced, as *Giunta* has been overruled by the Fourth Circuit in *United States v. Burgos*, 94 F.3d 849 (4th Cir. 1996). A conspirator need not take "part in the full range of [the conspiracy's] activities" to be convicted of conspiracy. *United States v. Banks*, 10 F.3d 1044, 1054 (4th Cir. 1993). In fact, a defendant can be properly convicted of conspiracy "if he joins the conspiracy with an understanding of the unlawful nature thereof and willfully joins in the plan on one occasion." *United States v. Roberts*, 881 F.2d 95, 101 (4th Cir. 1989).

At trial, Joann Christian testified regarding how Petitioner's letters to her discussed sending someone to her to sell her crack cocaine and entering into a business venture to sell crack cocaine. (July 21, 2009 Trial Tr. at 19:25-28:1.) Furthermore, Petitioner's co-defendant, Anthony Jackson, testified that Petitioner called him to tell him to expect a call from a female about a job, and that he eventually met with Joann Christian (the caller) for drug transactions. (*Id.* at 98:16-102:22.) Sufficient evidence was presented to convict Petitioner of conspiracy, and any objection made by Petitioner's counsel would have been futile. Therefore, because Petitioner cannot demonstrate that his counsel's alleged error had an effect on his judgment and conviction, *see Strickland*, 466 U.S. at 687, his claim should be dismissed.

### d. Petitioner's Counsel Was Not Ineffective For Failing to Seek a Buyer/Seller Defense Instruction

As his fourth ground for relief, Petitioner asserts that his trial counsel was ineffective for not presenting a buyer/seller defense during trial and for not seeking a buyer/seller defense jury instruction. (Mot. at 48-52.) Specifically, Petitioner alleges that the evidence, at most, established that he was a "facilitator in a drug purchase." (*Id.* at 49.) However, the undersigned finds that Petitioner's claim

is without merit.

Defendants are entitled to any jury instructions explaining their defense theories if the evidence at trial supports the instructions. *See Matthews v. United States*, 485 U.S. 58, 63 (1988). The Fourth Circuit has determined that "one does not come within the ambit of [21 U.S.C.] § 846 by merely facilitating a sale." *United States v. Leonard*, 777 F. Supp. 2d 1025, 1034 (W.D. Va. 2011 (alteration in original) (citing *United States v. Giunta*, 925 F.2d 758, 767 (4th Cir. 1991), *overruled on other grounds by United States v. Burgos*, 94 F.3d 849 (4th Cir. 1996)). Furthermore,

> In *United States v. Townsend*, the Seventh Circuit held that, in drug conspiracy . . . cases, "evidence of a buyer-seller relationship, standing alone, is insufficient to support a conspiracy conviction." 924 F.2d 1385, 1394 (7th Cir. 1991). Two years later, in *United States v. Mills*, we interpreted that holding, saying, "evidence of a buy-sell transaction is at least relevant (i.e. probative) on the issue of whether a conspiratorial relationship exists." 995 F.2d 480, 485 n.1 (4th Cir. 1993). Since then, we have held that evidence of a continuing buy-sell relationship when coupled with evidence of large quantities of drugs, or "continuing relationships and repeated transactions," creates a reasonable inference of an agreement. *United States v. Reid*, 523 F.3d 310, 317 (4th Cir. 2008) (citing *Burgos*, 94 F.3d at 858).

*United States v. Hackley*, 662 F.3d 671, 679 (4th Cir. 2011). However, a defendant can be convicted of conspiracy provided that they know the "essential object" of the conspiracy, even if he does not know "all of the details of the conspiracy." *United States v. Goldman*, 750 F.2d 1221, 1227 (4th Cir. 1984). "This agreement need only be a 'tacit or mutual understanding' between the defendant and his accomplice." *Hackley*, 662 F.3d at 679 (quoting *United States v. Ellis*, 121 F.3d 908, 922 (4th Cir. 1997)).

At trial, Joann Christian testified regarding the letters between herself and Petitioner and how Petitioner wrote regarding an agreement to send someone to her to sell drugs. (July 21, 2009 Trial Tr. at 19:25-29:10.) Ms. Christian also testified regarding the three controlled buys that occurred between herself and Petitioner's co-defendant, Anthony Jackson. (*Id.* at 40:3-51-22.) Anthony Jackson,

Petitioner's co-defendant, testified regarding the phone call from Ms. Christian that Petitioner predicted he would receive and his drug transactions with Ms. Christian. (*Id.* at 100:2-102:24.) Jackson and Christian also testified regarding their prior relationships to Petitioner. (*Id.* at 11:10-17:16, 95:11-97:25.)

As discussed above, evidence presented at trial was sufficient to demonstrate that Petitioner knew the "essential object" of the conspiracy between himself and his co-defendant. *See Goldman*, 750 F.2d at 1227. This evidence shows that there was a "mutual understanding" between Petitioner and Jackson to effect drug transactions. *See Ellis*, 121 F.3d at 922; *see also Brooks v. United States*, Nos. 3:05-0163, 3:02-00092, 2011 WL 1043503, at *3 (S.D. W. Va. Mar. 18, 2011) ("First, the evidence in this case was more than adequate to support the finding that Petitioner entered into an agreement to effectuate the criminal act charged in the indictment with more than one other person."). Petitioner is correct that he is entitled to jury instructions that present a potentially favorable defense. *See Matthews*, 485 U.S. at 63. However, "the law is well settled that a defendant is entitled to a jury instruction regarding his theory of defense only when there is a foundation in evidence to support such theory." *Baptiste v. United States*, Nos. 5:02CV28-02-V, 5:99CR59-V, 2006 WL 680517, at *10 (W.D.N.C. Mar. 16, 2006). As discussed above, there was not a foundation in the evidence presented at trial to support Petitioner's theory of a buyer/seller defense. The mere fact that Petitioner was technically entitled to such an instruction does not automatically mean that it was good trial strategy to request one. *Brooks*, 2011 WL 1043503, at *3. "Counsel's failure to raise the buyer/seller argument as an affirmative defense does not indicate his ineffectiveness, especially in light of the weakness of the argument and the lack of any reasonable probability that Petitioner would not have been convicted had the argument been raised." *Ellis v. United States*, Nos. DKC 04-3157, DKC-00-0197, 2010 WL 3639226, at *5 (D. Md. Sept. 14, 2010). Therefore, given the weakness of such an argument in

Petitioner's case because of the evidence demonstrating the conspiracy, Petitioner cannot meet his burden under the two prongs of *Strickland* to show that his counsel was ineffective, and his claim should be dismissed.

> **e.** **Petitioner's Counsel Was Not Ineffective For Failing to Challenge the Indictment**

As his fifth ground for relief, Petitioner asserts that his trial counsel was ineffective for failing to challenge the allegedly "defective indictment" returned against Petitioner. (Mot. at 53.) Specifically, Petitioner asserts that the Indictment was defective because he was only charged in the conspiracy and was "not mentioned in any of the other counts (Two through Five), or any acts in furtherance [sic] of the conspiracy." (*Id.* at 54.) Essentially, Petitioner argues that the Grand Jury could not return an Indictment against him on one count of conspiracy without naming him in the other counts and that trial counsel was ineffective for not challenging this alleged error. (*Id.* at 56.) However, the undersigned finds that Petitioner's claim is completely without merit.

The United States Supreme Court has held that "the Government need not prove the commission of any overt acts in furtherance of the conspiracy" in order to establish a violation of 21 U.S.C. § 846 (the drug conspiracy statute.). *United States v. Shabani*, 513 U.S. 10, 15 (1994). In the Fourth Circuit, to prove a conspiracy to possess with the intent to distribute cocaine base, the Government must prove that: "(1) an agreement to possess cocaine with intent to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became a part of this conspiracy." *United States v. Collazo*, 732 F.2d 1200, 1205 (4th Cir. 1984). The "'gravamen of the crime of conspiracy is an *agreement* to effectuate a criminal act.'" *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (quoting *United States v. Laughman*, 618 F.2d 1067, 1074 (4th Cir. 1980). Furthermore, a conspirator need not take "part in the

full range of [the conspiracy's] activities" to be convicted of conspiracy. *United States v. Banks*, 10 F.3d 1044, 1054 (4th Cir. 1993). In fact, a defendant can be properly convicted of conspiracy "if he joins the conspiracy with an understanding of the unlawful nature thereof and willfully joins in the plan on one occasion." *United States v. Roberts*, 881 F.2d 95, 101 (4th Cir. 1989).

As stated above, proof of overt acts is not required to establish a violation of the drug conspiracy statute. *Shabani*, 513 U.S. at 15. If Petitioner's counsel had filed a motion challenging the Indictment simply because Petitioner was not named in Counts Two through Five, such a motion would have been futile. "Counsel is not required to waste the court's time pursuing frivolous legal motions." *Wheeler v. United States*, Nos. 3:10-cv-13, 3:07-cr-70-3, 2011 WL 2491376, at *15 (N.D. W. Va. Apr. 25, 2011) (citing *United States v. Bosch*, 584 F.2d 1113, 1121 (1st Cir. 1978)). Furthermore, as discussed above, there was sufficient evidence to demonstrate the charged conspiracy against Petitioner. At trial, Joann Christian testified regarding the letters between herself and Petitioner and how, in those letters, Petitioner agreed to send someone to her to sell drugs. (July 21, 2009 Trial Tr. at 19:25-29:10.) Ms. Christian also testified regarding the three controlled buys that occurred between herself and Petitioner's co-defendant, Anthony Jackson. (*Id.* at 40:3-51-22.) Anthony Jackson, Petitioner's co-defendant, testified regarding the phone call from Ms. Christian that Petitioner predicted he would receive and his drug transactions with Ms. Christian. (*Id.* at 100:2-102:24.) Jackson and Christian also testified regarding their prior relationships to Petitioner. (*Id.* at 11:10-17:16, 95:11-97:25.) Even though Petitioner was not charged in Counts Two through Five of the Indictment, sufficient evidence existed to support the drug conspiracy charge against Petitioner. Therefore, because there is "no obvious basis" for this type of motion, *Clanton*, 826 F.2d at 1359, Petitioner has established neither prong of *Strickland*, and this claim should be dismissed.

      **f.**     **Petitioner's Counsel Was Not Ineffective For Failing to Challenge the**

**Government's Presentation of Joann Christian's Testimony**

As his sixth ground for relief, Petitioner asserts that his counsel was ineffective for not challenging the alleged perjured testimony given by confidential informant Joann Christian at Petitioner's trial. (Mot. at 58-69.) Specifically, Petitioner argues that Ms. Christian presented perjured testimony when she testified regarding the phone calls Petitioner made to her and when she testified that she and her vehicle were searched before controlled buys of crack cocaine. (*See id.*) Petitioner further asserts that his counsel was ineffective for not challenging this testimony because the Government had knowledge that Ms. Christian's testimony was false. (Mot. at 63, 68-69.) However, the undersigned finds that Petitioner's claim is without merit.

To succeed on a claim of prosecutorial misconduct based on perjured trial testimony, Petitioner must first show that the testimony was, in fact, perjured, and second, that the Government knowingly used the perjured testimony in order to secure the conviction. *Boyd v. French*, 147 F.3d 319, 329-30 (4th Cir. 1998) (citing *Napue v. Illinois*, 360 U.S. 264, 269 (1959)). "The knowing use of perjured testimony constitutes a due process violation when there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Id.* at 330 (internal citation and quotation omitted). However, "[m]ere inconsistencies in the testimony by government witnesses do not establish the government's knowing use of false testimony." *United States v. Griley*, 814 F.2d 967, 970-71 (4th Cir. 1987). Here, even assuming that Ms. Christian's testimony was perjured, Petitioner has not presented any evidence that the prosecutor knew she was testifying falsely. *See Zimmerman v. United States*, Nos. 3:07cv295, 3:02cr156-3, 2011 WL 744509, at *15 (W.D.N.C. Feb. 23, 2011) (rejecting petitioner's claim of ineffective assistance of counsel for failure to claim prosecutorial misconduct because petitioner did not present evidence that the Government knew the witness testified falsely). Petitioner's critique of Ms. Christian's testimony, without evidence to support his claim that the

Government knew Ms. Christian was testifying falsely, is insufficient.

Furthermore, Petitioner's counsel did cross-examine Ms. Christian regarding her drug use, her entering into a plea agreement, her cooperation with the government, her relationship with Petitioner, and her credibility. (July 21, 2009 Trial Tr. at 52:14-87:7.) Petitioner simply has not established that his counsel was ineffective for failing to challenge the Government's presentation of alleged perjured testimony because he has not presented any evidence that the Government knowingly presented perjured testimony. Therefore, because Petitioner cannot meet the two prongs of *Strickland*, his claim should be denied.

### g. Petitioner's Counsel Was Not Ineffective For Failing to Obtain Evidence Allegedly Withheld By the Government

As his last ground for relief, Petitioner asserts that his counsel was ineffective for not obtaining evidence allegedly withheld by the Government that proved his actual innocence. (Mot. at 70.) Specifically, Petitioner alleges that the Government withheld documents regarding the threatening letters received by his co-defendant, Anthony Jackson; Bureau of Prison telephone bills; and recorded phone conversations. (*Id.* at 70-71.) However, the undersigned finds that Petitioner's claim is without merit.

The United States Supreme Court has held that the Government has an obligation to disclose exculpatory evidence to a defendant. *See Kyles v. Whitley*, 514 U.S. 419, 422-33 (1995) (citations omitted). "[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." *Brady v. Maryland*, 373 U.S. 83, 86 (1963). Therefore, "a reasonable attorney would make certain to receive all available exculpatory evidence." *Mason v. United States*, Nos. 3:11CV60, 3:08CR30-2, 2011 WL 6888525, at *4 (N.D. W. Va. Dec. 5, 2011).

In this case, although Petitioner asserts that his counsel failed to see that the Government turned over all exculpatory evidence, his claims are lacking in factual foundation. Petitioner has made no attempt to demonstrate that the evidence he claims the Government did not turn over actually exists, nor has he described what effect such evidence, if it existed, would have had on his conviction. Without this crucial information, Petitioner cannot show that his counsel provided deficient performance. *See Mason*, 2011 WL 6888525, at *4 (finding no deficient performance under *Strickland* when petitioner did not explain what evidence the Government possessed that it failed to turn over or what effect such evidence would have had on his conviction); *Brannon v. United States*, No. 1:03-cr-98, 2010 WL 1492225, at *8 (E.D. Tenn. Apr. 14, 2010) (analyzing a similar § 2255 claim for relief in which the petitioner tendered documents with his motion, but finding no deficient performance under *Strickland*). Therefore, because Petitioner cannot establish either prong of *Strickland*, his claim should be dismissed.

**B.      *Petitioner's Claim of Government Misconduct Regarding His Right to a Speedy Trial Is Without Merit***

In his motion to amend, Petitioner asserts that the Government engaged in "outrageous" misconduct to intentionally violate his rights to a speedy trial under the Sixth Amendment. Specifically, Petitioner argues that the Indictment against him must be dismissed because the Government intentionally violated his rights so that Bureau of Prison authorities could erase all of the recorded telephone conversations that would allow him to prove his actual innocence and prove that the CI was lying at trial. (Mot. to Amend at 2-3.) Petitioner also asserts that he was not tried within seventy days after the Indictment was returned against him, and that his defense was hindered by the passage of time between when the Indictment was returned and his initial appearance. (*Id.* at 3 fn.)

Petitioner's claim that his rights under the Speedy Trial Act ("Act"), codified at 18 U.S.C. §§

3161-74, has no merit. Under the Act, a defendant charged with a felony must be brought to trial within seventy days of the date he is indicted or the date of his initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). However, the Act expressly provides for the exclusion from the time within which a defendant's trial must commence a period of delay "resulting from any proceeding, including any examinations, to determine the mental competency . . . of the defendant." 18 U.S.C. § 3161(h)(1)(A). Here, Petitioner's initial appearance was held on November 25, 2008. (ECF No. 33.) However, Petitioner was uncooperative and was held in contempt of court. (*Id.*) On December 5, 2008, Chief Judge Bailey ordered that Petitioner undergo a psychological examination and competency hearing. (ECF No. 38.) The Court received Petitioner's forensic report on May 26, 2012 (ECF No. 62), and Petitioner's excludable time was stopped on this date. He was arraigned on June 4, 2009 (ECF Nos. 68-69), and his trial commenced on July 20, 2009, forty-six days after his arraignment (ECF No. 104). By starting at Petitioner's initial appearance, and excluding the delay occasioned by his competency examination, a period of sixty-two days from initial appearance to trial results. Therefore, there was no violation of Petitioner's rights under the Act. Additionally, the undersigned notes that even if a violation had occurred, Petitioner is deemed to have waived this violation because of his failure to file a motion to dismiss the indictment prior to his trial. *See* 18 U.S.C. § 3162(a)(2) ("Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section."); *see also Woltz v. United States*, Nos. 3:08CV438-1, 3:06CR74, 2010 WL 4627805, at *5 (W.D.N.C. Nov. 8, 2010) (noting the same).

Furthermore, Petitioner's claim that his right to a speedy trial under the Sixth Amendment has no merit. This right is separate and distinct from his right under the Act. *See United States v. Woolfolk*, 399 F.3d 590, 594-98 (4th Cir. 2005). The Supreme Court has held that four factors determine whether a defendant's Sixth Amendment right to a speedy trial has been violated: (1) the

length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right to a speedy trial; and (4) the extent of prejudice to a defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *see also United States v. Watford*, 468 F.3d 891, 901 (6th Cir. 2006) ("[P]ost-indictment delay implicates the Sixth Amendment speedy trial guarantee."). However, the length of the delay is a threshold issue, and inquiry as to the other factors need not be made if there is not delay that is presumptively prejudicial. *United States v. Schreane*, 331 F.3d 548, 553 (6th Cir. 2003) (citing *Barker*, 407 U.S. at 530). To determine whether a delay is presumptively prejudicial, courts must determine whether it is uncommonly long or extraordinary. *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). The Fourth Circuit has determined that a seven-month delay is "entirely too short to 'trigger' further inquiry under *Barker*, *see United States v. MacDonald*, 635 F.2d 1115, 1117 (4th Cir. 1980), whereas the Supreme Court has held that an eight and a half year delay between a defendant's indictment and arrest is presumptively prejudicial, *see Doggett*, 505 U.S. at 652. Here, the six-month period between the date Petitioner was indicted (May 20, 2008) and his initial appearance in court (November 25, 2008) is not presumptively prejudicial, and the undersigned finds that no Sixth Amendment violation occurred.[2] Furthermore, Petitioner's trial began on July 20, 2009, exactly fourteen months after he was indicted. Such a delay is not "uncommonly long." *See id.* at 651.

Although the Court need not consider the other *Barker* factors, the undersigned will consider Petitioner's argument that the Government intentionally delayed his presentment for an initial appearance so that the Bureau of Prisons could erase all of Petitioner's recorded telephone conversations except for those that would implicate him. (Mot. to Amend at 2.) "[T]he test for reversible prosecutorial misconduct generally has two components: that (1) the prosecutor's remarks

---

[2] The undersigned notes that according to the Government, a request for production of Petitioner was issued in October 2008 because Petitioner was already in the custody of the Bureau of Prisons for another conviction. (Supp. Resp. at 1.)

or conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." *United States v. Chorman*, 910 F.2d 102, 103 (4th Cir. 1990). Furthermore, the defendant has the burden of demonstrating that *Barker*'s four factors weigh in his favor. *See United States v. Shealey*, 641 F.3d 627, 634 (4th Cir. 2011). Here, however, Petitioner has provided no evidence to support his claim that his initial appearance was delayed so that the Bureau of Prisons could erase recorded calls. Therefore, even assuming that the delay was "uncommonly long," Petitioner has not established a reason for the delay to demonstrate a violation of his Sixth Amendment speedy trial right.

In sum, Petitioner's claim of prosecutorial conduct is without merit. First, there was no violation of Petitioner's Speedy Trial Act rights because, excluding the time for Petitioner's psychological evaluation, trial commenced within seventy days of his initial appearance. Furthermore, there was no violation of Petitioner's Sixth Amendment right to a speedy trial because the delay between Petitioner's indictment, arrest, and trial was not "uncommonly long," and Petitioner has not provided any evidence to support his reason for the delay. Therefore, the undersigned recommends that this claim be denied.

## IV.  RECOMMENDATION

Based upon a review of the record, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Civil Action No. 3:11-cv-104, ECF No. 1; Criminal Action No. 3:08-cr-42-1, ECF No. 167) be **DENIED** and **DISMISSED** because Petitioner has failed to demonstrate any claims of ineffective assistance of counsel, prosecutorial misconduct, or violations of his speedy trial rights under both the Sixth Amendment and the Speedy Trial Act.

Within **fourteen (14) days** after being served with a copy of this report and recommendation,

any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia. The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner Stephen Robinson.

**DATED:** July 10, 2012

DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE